UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


YOLANDA LYNETTE SCOTT

VERSUS

CAROLYN W. COLVIN, ACTING
COMMISSIONER OF SOCIAL SECURITY

CIVIL ACTION

NUMBER 12-310-JJB-SCR


**NOTICE**

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

    In accordance with 28 U.S.C. §636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein.  Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Baton Rouge, Louisiana, March 17, 2014.

*Stephen C. Riedlinger*
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE


UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

YOLANDA LYNETTE SCOTT

VERSUS

CAROLYN W. COLVIN, ACTING
COMMISSIONER OF SOCIAL SECURITY

CIVIL ACTION

NUMBER 12-310-JJB-SCR

## MAGISTRATE JUDGE'S REPORT

Plaintiff Yolanda Lynette Scott, brought this action under 42 U.S.C. § 405(g) for judicial review of the final decision of Carolyn W. Colvin, Acting Commissioner of Social Security ("Commissioner") denying her applications for disability insurance and supplemental security income benefits ("SSI").

For the reasons which follow the Commissioner's decision should be affirmed.

### Standard of Review

Under § 405(g), judicial review of a final decision of the Commissioner denying disability and SSI benefits is limited to two inquiries: (1) whether substantial evidence exists in the record as a whole to support the Commissioner's findings, and (2) whether the Commissioner's final decision applies the proper legal standards. *Myers v. Apfel*, 238 F.3d 617, 619 (5th Cir. 2001); *Perez v. Barnhart*, 415 F.3d 457, 461 (5th Cir. 2005). If substantial evidence supports the Commissioner's findings, they are conclusive and must be affirmed. *Richardson v. Perales*, 402 U.S. 389, 91

S.Ct. 1420, 1422 (1971); *Martinez v. Chater*, 64 F.3d 172, 173 (5th Cir. 1995). Substantial evidence is that which is relevant and sufficient for a reasonable mind to accept as adequate to support a conclusion. It is more than a mere scintilla and less than a preponderance. *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994); *Carey v. Apfel*, 230 F.3d 131, 135 (5th Cir. 2000). A finding of no substantial evidence is appropriate only if no credible evidentiary choices or medical findings support the decision. *Boyd v. Apfel*, 239 F.3d 698, 704 (5th Cir. 2001). In applying the substantial evidence standard the court must review the entire record as whole, but may not reweigh the evidence, try the issues de novo, or substitute its judgment for that of the Commissioner, even if the evidence weighs against the Commissioner's decision. *Newton v. Apfel*, 209 F.3d 448, 452 (5th Cir. 2000). Conflicts in the evidence are for the Commissioner and not the court to resolve. *Masterson v. Barnhart*, 309 F.3d 267, 272 (5th Cir. 2002).

If the Commissioner fails to apply the correct legal standards, or provide a reviewing court with a sufficient basis to determine that the correct legal principles were followed, it is grounds for reversal. *Bradley v. Bowen*, 809 F.2d 1054, 1057 (5th Cir. 1981); *Western v. Harris*, 633 F.2d 1204, 1206 (5th Cir. 1981); *Wiggins v. Schweiker*, 679 F.2d 1387, 1389 (11th Cir. 1982).

A claimant has the burden of proving that he or she suffers

from a disability, which is defined as a medically determinable physical or mental impairment lasting at least 12 months that prevents the claimant from engaging in substantial gainful activity. 20 C.F.R. §§ 404.1505; 416.905. The regulations require the ALJ to apply a five step sequential evaluation to each claim for benefits. 20 C.F.R. §§ 404.1520; 416.920. In the five step sequence used to evaluate claims the Commissioner must determine whether: (1) the claimant is currently engaged in substantial gainful activity; (2) the claimant has a severe impairment(s); (3) the impairment(s) meets or equals the severity of a listed impairment in Appendix 1 of the regulations;[1] (4) the impairment(s) prevents the claimant from performing past relevant work; and, (5) the impairment(s) prevents the claimant from doing any other work. *Masterson*, 309 F.3d at 271.

The burden of proving disability rests on the claimant through the first four steps. At the fourth step the Commissioner analyzes whether the claimant can do any of her past relevant work. If the claimant shows at step four that she is no longer capable of

---

[1] Listed impairments are descriptions of various physical and mental illnesses and abnormalities generally characterized by the body system they affect. Each impairment is defined in terms of several specific medical signs, symptoms, or laboratory test results. For a claimant to show that his impairment matches a listed impairment he must demonstrate that it meets all of the medical criteria specified in the listing. An impairment that exhibits only some of the criteria, no matter how severely, does not qualify. *Sullivan v. Zebley*, 493 U.S. 521, 529-32, 110 S.Ct. 885, 891-92 (1990); 20 C.F.R. §§ 404.1525; 416.925.

performing past relevant work, the burden shifts to the Commissioner to show that the claimant is able to engage in some type of alternative work that exists in the national economy. *Myers*, supra. If the Commissioner meets this burden the claimant must then show that she cannot in fact perform that work. *Boyd*, 239 F.3d at 705.

**Background and Claims of Error**

Plaintiff was 41 years old at the time of the administrative law judge ("ALJ") decision. Plaintiff graduated from high school and worked at a bakery, and as a restaurant hostess, a hotel clerk, a medical records clerk, as a data entry clerk for the post office, and for children's services. AR pp. 21-22, 160, 164-71.[2] In her applications for disability and supplemental security income benefits, the plaintiff alleged that she became disabled as of July 2, 2009.[3] AR pp. 156-63. Plaintiff claimed that she became disabled as a result of multiple physical and mental impairments - back and neck pain due to herniated discs and back surgery, peripheral neuropathy, chest pain and shortness of breath, carpel tunnel syndrome, knee pain, migraines, depression and problems with

---

[2] Plaintiff's age placed her in the category of "younger person." 20 C.F.R. §§ 404.1563(c); 416.963(c).

[3] Plaintiff filed a previous application for benefits that was denied. AR pp. 49-61 (ALJ hearing decision on first application). Plaintiff initially alleged an onset date of April 2, 2007. Later the plaintiff amended her onset date to July 2, 2009. AR p. 68.

4

memory and concentration.  AR pp. 74, 154.

After her application was denied at the initial stages, the plaintiff requested an ALJ hearing.  The ALJ issued an unfavorable decision.  AR pp. 20-48, 65-79.[4]  The ALJ found at the second step that the plaintiff had a combination of severe mental and physical impairments - depression, a generalized anxiety disorder, a post-traumatic stress disorder, cervical spondylosis, obesity, carpal tunnel syndrome, status post lumbar laminectomy,[5] peripheral neuropathy, and lumbar spine degenerative arthritis.  AR p. 70.  At the third step, he found that these conditions did not meet or medically equal the criteria of any listed impairment under 20 C.F.R. Ch. III, Part 404, Subpart P, Appendix 1. The ALJ then evaluated the plaintiff's residual functional capacity ("RFC") to determine whether, despite her severe impairments, the plaintiff was able to do her past relevant work or do other work in the national economy.  The ALJ made a finding that the plaintiff had a RFC to perform occasional lifting and/or carrying of up to 20 pounds, frequent lifting of up to 10 pounds, standing and/or walking for up to six hours in an eight-hour workday, sitting for up to six hours in an eight-hour workday, no repetitive fingering but can perform frequent fingering, and no complex work.  AR p. 73.

---

[4] The ALJ's decision is the Commissioner's final decision for purposes of judicial review.

[5] Plaintiff underwent back surgery on June 28, 2007 for a herniated disc at L5-S1.  AR pp. 38, 214-19, 295, 461.

Given this RFC, vocational expert Thomas G. Mungall testified that the plaintiff was able to engage in her past work as actually and generally performed in the national economy.  Considering the plaintiff's RFC, her age, education, work experience, and Mungall's testimony, the ALJ found at the fourth step that the plaintiff was not disabled because she was capable of performing the duties of her past work as a sales clerk and a hotel desk clerk.  AR pp. 44-45, 78.

In her appeal memorandum the plaintiff argued that the following errors by the ALJ require reversal and remand under sentence four of § 405(g):  (1) the ALJ's finding that the plaintiff's mental impairments only restricted her from performing complex work is not supported by substantial evidence; and, (2) the ALJ failed to follow agency policy, specifically, Social Security Ruling 82-62, in determining that the plaintiff could perform her past work as a sales clerk and hotel desk clerk.

## Analysis

Plaintiff conceded that the ALJ's physical RFC finding was supported by substantial evidence.[6]  Plaintiff's claims of error focused on the ALJ's evaluation and findings related to her mental impairments and their effects on her ability to work.

---

[6] Record document number 12, Plaintiff's Memorandum in Support of Appeal, p. 3.

6

Plaintiff argued that the ALJ fundamentally erred by purporting to rely on the reports of psychologists James A. Van Hook, III, Ph.D, and Joseph Tramontana, Ph.D., but then failing to adopt and include in his RFC finding certain restrictions included in their assessments.[7] Plaintiff faulted the ALJ for giving little weight to the opinion of Van Hook, and rejecting several of the limitations assessed by Tramontana.  Plaintiff complained particularly about the ALJ's statement in the step three analysis that the plaintiff had "moderate difficulties in maintaining concentration, persistence or pace." AR pp. 73, 437. According to the plaintiff, the psychologists' reports are the only assessments of the plaintiff's mental limitations contained in the record. Therefore, plaintiff argued, the ALJ's failure to adopt some of their restrictions means that the ALJ impermissibly relied on his own medical opinions to reach his RFC finding, which resulted in a RFC finding which is not supported by substantial evidence.

   Plaintiff's argument is unpersuasive.  The evaluation of the plaintiff's limitations identified in the psychiatric review technique form are used to rate the severity of mental impairments at steps two and three; they are not an assessment of the

---

[7] Psychologist Van Hook issued his report/opinions after performing a consultative mental examination on December 9, 2009. AR pp. 417-20.  Tramontana, a state agency medical consultant, completed a psychiatric review technique form and a mental functional capacity assessment dated December 22, 2009.  AR pp. 422-39.

plaintiff's mental RFC. Thus, the ALJ is not required to include all the limitations in the psychologists' reports in his RFC finding. Rather, the RFC analysis considers all the relevant evidence, such as: medical history, medical signs and laboratory findings, the effects of treatment and symptoms, including pain, reports of daily activities, and medical source statements, to make his finding.[8]

It is apparent from the ALJ's decision that he engaged in such an analysis - considered all the relevant evidence to determine the plaintiff's mental RFC and found that the plaintiff could not perform complex work. This finding is supported by substantial evidence found in the plaintiff's report of her daily activities[9] and the assessments of psychologists Van Hook and Tramontana.

Plaintiff focused her argument on the ALJ's failure to include "moderate difficulties in maintaining concentration, persistence and pace," and several other moderate limitations, in his RFC finding.[10] However, the psychologists' findings/opinions as whole support the ALJ's determination. For example, Van Hook concluded that the plaintiff's ability to understand, remember and carry out instructions, and to maintain attention for performance of simple

---

[8] TITLES II AND XVI: ASSESSING RESIDUAL FUNCTIONAL CAPACITY IN INITIAL CLAIMS, SSR 96-8P, 1996 WL 374184, *4-5 (July 2, 1996).

[9] See, AR pp. 22, 29-31, 73, 174-77,181.

[10] Record document number 12, Plaintiff's Memorandum in Support of Appeal, pp. 8-10.

8

repetitive tasks, were adequate, and that her cognitive flexibility was sufficient. AR p. 419. In his mental RFC assessment, Tramontana found the plaintiff was only moderately limited in three out of eight areas of concentration and persistence. In all aspects of understanding and memory, Tramontana concluded the plaintiff was not significantly limited, nor was the plaintiff significantly limited in social interaction or adaptation. Tramontana summarized his assessment of the plaintiff's mental RFC: "CL [claimant] has some psychological issues [/] conditions, but the MER [medical evidence of record] suggests that she should be able to maintain the concentration, persistence and pace needed to get along with coworkers and supervisors at a level consistent with the requirements of unskilled labor." AR p. 425. The evidence cited in the above analysis is relevant and sufficient for a reasonable mind to accept as adequate to support the ALJ's conclusion the plaintiff's mental RFC was limited to no complex work.

 To adopt the plaintiff's argument is essentially to remove the ALJ's role as fact finder. As the trier of fact it is the role of the ALJ to consider and weigh all the evidence, resolve conflicts in the evidence and draw reasonable inferences from the evidence.[11]

---

[11] It is the task of the ALJ as the finder of fact to weigh the evidence. When evidence cuts both ways, it is not the court's job on judicial review to reweigh the evidence. As long as there is substantial evidence in the record as a whole supporting the ALJ's
(continued...)

9

The ALJ may partially credit opinions or reports, and is not required to adopt every aspect or finding of a medical source. That is what the ALJ did in this case. The ALJ's analysis and finding as to the plaintiff's mental RFC complied with the relevant legal standards and is supported by substantial evidence. Plaintiff's claim of error is without merit.

In a related argument the plaintiff contended that the ALJ failed to adequately analyze the mental demands of her past relevant work.[12] However, this argument is premised on the plaintiff's claim that the ALJ's mental RFC and his questions to the vocational expert left out some specific limitations found in the psychologists' reports. As explained above, this claim of error is without merit.[13] Moreover, at the hearing the vocational expert considered the plaintiff's RFC, along with the plaintiff's age, education and employment background, and testified that the

---

[11](...continued)
finding, it must be upheld. *See*, *Greenspan v. Shalala*, 38 F.3d 232, 240 (5th Cir. 1994); *Short v. Astrue*, 2013 WL 655020 (N.D. Tex. Feb. 5, 2013).

[12] Plaintiff cited SSR 82-62, which gives policy guidance on evaluating claimants capacity to do past relevant work. TITLES II AND XVI: A DISABILITY CLAIMANT'S CAPACITY TO DO PAST RELEVANT WORK, IN GENERAL, SSR 82-62, 1982 WL 31386 (1982).

[13] The ALJ is not required to submit a question to the vocational expert based on limitations that the ALJ did not recognize, because he found they were not supported by the evidence in the record. *See*, *Huet v. Astrue*, 375 Fed.Appx. 373 (5th Cir. 2010); *Bayer v. Colvin*, ___Fed.Appx.___, 2014 WL 541294, (5th Cir. 2014).

plaintiff would be able to perform her past work as a sales clerk and hotel desk clerk.[14]  This vocational evidence constitutes substantial evidence to support the ALJ's finding at the fourth step.  AR pp. 44-46, 78.

## Conclusion

Review of the administrative record as a whole and the analysis above demonstrates that the plaintiff's claims of error are without merit.  The proper legal standards were applied and substantial evidence supports the finding that the plaintiff is not disabled.

## RECOMMENDATION

It is the recommendation of the magistrate judge that under sentence four of 42 U.S.C. § 405(g), the final decision of Carolyn W. Colvin, Acting Commissioner of Social Security, denying the application of plaintiff Yolanda Lynette Scott for disability insurance and supplemental security income benefits be affirmed, and that this action be dismissed.

Baton Rouge, Louisiana, March 17, 2014.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

---

[14] The testimony of vocational experts is valuable because they are familiar with the specific requirements of particular occupations, including working the conditions and the attributes and skills needed to perform them.  *See, Vaughan v. Shalala,* 58 F.3d 129, 132 (5th Cir. 1995).